UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED GODSEY,

              Plaintiff,        CIVIL NO: 07-13242

                                    DISTRICT JUDGE NANCY G. EDMUNDS
                                    MAGISTRATE JUDGE STEVEN D. PEPE
vs.

CORRECTIONAL MEDICAL SERVICES, INC.,
DR. CRAIG HUTCHINSON, DR. GEORGE PRAMSTALLER,
DOES, UNKNOWN MEDICAL STAFF AT
DUANE WATERS HOSPITAL

              Defendants.
_____/

## REPORT AND RECOMMENDATION

On August 3, 2007, Plaintiff commenced this action, seeking relief under 42 U.S.C. § 1983 for violation of his civil rights. In his Complaint, Plaintiff Fred Godsey alleges that, while he was in the custody or the Michigan Department of Corrections ("MDOC"), Defendants Correctional Medical Services (CMS) and Dr. Craig Hutchinson, failed to order follow-up labs regarding Plaintiff's hepatitis C in November 2002, which resulted in Plaintiff suffering kidney failure, liver failure, bone marrow damage, rapid weight loss, anemia, ongoing pain, suffering and emotional distress, inability for his body to raise its platelet level, chronic cellulitis, and swelling of the breasts, legs and stomach (Dkt. #1, p. 3).

Defendant Pramstaller filed a motion for summary judgment based on the applicable statute of limitations, and other grounds, on November 13, 2007 (Dkt. #21), to

1

which Plaintiff responded on December 21, 2007 (Dkt. #29). On October 26, 2007, Defendants CMS and Dr. Craig Hutchinson filed a motion to dismiss on similar grounds (Dkt. #18). Because this motion involves affirmative defenses and matters outside the pleadings, it will be treated as a motion for summary judgement under Rule 56. All pre-trial matters were referred under 28 U.S.C. § 636(b) (Dkt. #12 & #39). For the reasons stated below, it is **RECOMMENDED** that summary judgment be granted for both Defendant Pramstaller, and Defendants CMS and Hutchinson, and this case be dismissed.

## I. BACKGROUND

Plaintiff was prisoner in the custody of MDOC at the time of the events leading to this action. After filing a grievance with MDOC, Plaintiff began receiving treatment for hepatitis C on or about October 3, 2002 (Dkt. #1, p. 3). Plaintiff was put on Peg-Intron/Rebetol drug therapy. After Plaintiff was put on hepatitis C treatment, no follow-up labs were performed in November 2002. On December 19, 2002, Plaintiff was admitted to DWH Hospital for complications resulting from an overdose of the Peg-Intron/Rebetol drug combination. As a result of the overdose, Plaintiff suffered kidney failure, liver failure, bone marrow damage, rapid weight loss, anemia, ongoing pain, suffering and emotional distress, inability for his body to increase its platelet level, chronic cellulitis, and swelling in his breasts, legs and stomach.

Plaintiff alleges that his rights under the Eighth Amendment were violated because Defendant Hutchinson, or other employees of CMS did not follow protocol by conducting follow-up labs in November 2002. Additionally, Plaintiff claims that Defendants' failed to initiate hepatitis C treatment after Plaintiff's overdose. As a result,

Plaintiff claims Defendant CMS, Hutchinson and Pramstaller acted with deliberate indifference in regards to Plaintiff's medical care.

Plaintiff originally filed suit on December 15, 2004, Case No. 04-74888, against Defendants Dr. Craig Hutchinson, Duane Waters Hospital ("DWH"), Unidentified staff of Duane Waters Hospital, Patricial L. Caruso, Sherry L. Burts and the MDOC. On August 3, 2005, Judge Nancy G. Edmunds dismissed the action against MDOC pursuant to its Eleventh Amendment immunity and against the remaining defendants for failure to plead exhaustion of administrative remedies (Dkt. #1, Appendix #5, p. 8).

Plaintiff filed his second complaint on July 14, 2005, alleging virtually the same facts against Defendants Dr. Craig Hutchinson and CMS. On July 28, 2006, Judge Nancy G. Edmunds granted Defendants' motion to dismiss and dismissed Plaintiff's complaint for failure to exhaust administrative remedies (Dkt. #1, Appendix #5, p. 13).

## II. ANALYSIS

### A. The Legal Standards

(1) Legal Standard for Summary Judgment

Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact. The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). *See also Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985). In resolving a summary judgment motion, the Court must view the evidence in the light

most favorable to the non-moving party. *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983). But as the Supreme Court wrote in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Moreover, when a motion for summary judgment is filed, the adverse party may not merely rely "upon the mere allegations or denials of the adverse party's pleading, but . . . by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

(2) Statute of Limitations

Federal courts must look to the state statute for personal injury torts to borrow the length of the statute of limitations for § 1983 claims. *Wallace v. Kato,* 127 S. Ct. 1091, 1094 (2007). Additionally, federal courts will adopt the tolling provisions of state law for statutes of limitation tolling under § 1983. *Id.* at 1098. Michigan's personal injury statute of limitations is 3 years. Mich. Comp. Laws Ann. § 600.5085 (10) (West 2007). In Michigan the tolling statute applies "at the time the complaint is filed if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules." Mich. Comp. Laws .Ann. § 600.5856 (a) (West 2007).

4

Although the statute of limitations for actions under § 1983 is borrowed from state law, the accrual date is a question of federal law. *Wallace,* 127 S. Ct. at 1095. There are two methods to use to determine the accrual date for the statute of limitations: the time of the event rule and the discovery rule. *Hicks v. Hines Inc.,* 826 F. 2d 1543, 1544 (6th Cir. 1987).

> "If greater than *de minimis* harm is discernable at the time of the tortious event, then the time of the event" rule applies. . . However, if the injured person sustains an injury which cannot itself reasonably be discovered, or the cause of which cannot reasonably be discovered, until some time following the tortious event. . . courts often apply the "discovery" rule, tolling the running of the statute of limitations to the date by which the plaintiff reasonably should have discovered both cause and injury."
> *Id.* At 1544.

**B.    Factual Analysis**

(1)    <u>The Statute of Limitations is a Bar to Plaintiff's Claims</u>

There are two plausible accrual dates for Plaintiff's § 1983 claim, that of the alleged tort in November 2002 and the date Plaintiff suffered his alleged injuries, December 19, 2002 (Dkt. #1, p. 3). The alleged tortious act was the failure to perform follow-up labs in November 2002, yet the injury occurred when Plaintiff suffered from kidney and liver failure and other medical problems. Because Plaintiff was unaware of the injury until he was hospitalized on December 19, 2002, Plaintiff's injury would appropriately be described as latent. *Hicks,* 826 F. 2d at 1545 (noting, "the latent injury case occurs when the plaintiff is either unaware of the injury or unaware of its cause until a significant period of time has elapsed following the tortious act."). To determine the accrual date for the statute of limitations, the appropriate test for a latent injury is that of the "discovery" rule. Although it could be argued that Plaintiff should have been aware

5

of his injuries at an earlier date, it is clear that at the latest, Plaintiff should have reasonably discovered his injury when he was hospitalized on December 19, 2002. Accordingly, the statute of limitations for Plaintiff's claim began accruing on December 19, 2002.

Plaintiff, however, has filed two previous claims during which the statute of limitations tolled for certain defendants. Michigan courts have indicated that the Michigan tolling statute applies to previous lawsuits that were not adjudicated on the merits, and have also noted that "a dismissal without prejudice is not an adjudication on the merits." *Yeo v. State Farm Fire and Casualty Insurance Company,* 618 N. W. 2d 916, 916 (Mich. Ct. App. 2000) (citations omitted). Yet the statute of limitations is only tolled in regards to the defendants that were named in the previous suit. *Federal Kemper Insurance Company,* 377 N. W. 2d 379, 381 (Mich. Ct. App. 1985).

Plaintiff's first suit was filed on December 15, 2004. In this initial suit, Plaintiff named Dr. Craig Hutchinson and John Doe, unidentified staff of Duane Waters Hospital, among the defendants (*Godsey v. Hutchinson,* Case No. 04-74888, Dkt. #1). No other defendants named in the current action were named in Plaintiffs initial suit. On August 3, 2005, Judge Nancy G. Edmunds dismissed without prejudice the action against the individual defendants for failure to plead exhaustion of administrative remedies *Godsey v. Hutchinson,* Case No. 04-74888, Dkt. #10). Thus, Plaintiff's statute of limitations for his action against Defendant Hutchinson tolled from December 15, 2004, until August 3, 2005.

Before Plaintiff's first suit was dismissed, Plaintiff filed a second action on July 14, 2005, against Defendants Dr. Craig Hutchinson and CMS, both Defendants are also

6

named in the current action. On July 28, 2006, Judge Nancy G. Edmunds dismissed this second action without prejudice for failure to exhaust administrative remedies. Because this action was also not adjudicated on the merits, the statute of limitations in regards to Defendants Dr. Craig Hutchinson and CMS was tolled from July 14, 2005, until July 28, 2006. Combining the time period in both the first and the second suits, the statute of limitations for the claim against Defendant Hutchinson tolled from December 15, 2004, until July 28, 2006.

For claims against each of the Defendants named in this action the statute of limitations began to run on December 19, 2002, when Plaintiff should have reasonably known about his injuries and the cause thereof. In regards to Defendant Hutchinson, the statute of limitations was running from December 19, 2002, until December 15, 2004, 727 days, when Plaintiff filed his first claim against Defendant Hutchinson. Including one leap year, the total number of days for a 3 year statute of limitations is 1096 days.[1] Thus, to file a claim against Defendant Hutchinson, taking account of the tolling from the previous cases, Plaintiff must have filed a case within 369 days (1096 minus 727 days) after the dismissal without prejudice of his last case on July 28, 2006. Accordingly, Plaintiff needed to file his case by Wednesday, August 1, 2007, in order to be within the applicable statute of limitations. Because Plaintiff did not file this action until Friday, August 3, 2007, after the statute of limitations had run, the claim is barred.

---

[1] A leap year occurs once every four years. During a leap year there are 366, rather than 365, days. During the pertinent period, from 2002 through 2005, there was one leap year in 2004.

In regards to Defendant CMS, the statute of limitations ran from December 19, 2002, until July 14, 2005, 938 days. To be within the statute of limitations in his action against Defendant CMS, Plaintiff must have filed his claim within 158 days after the dismissal without prejudice of his last case on July 28, 2006. Because Plaintiff had to file by January 2, 2007, but did not file until August 3, 2007, his claim against Defendant CMS is barred by the statute of limitations.

Defendant Pramstaller was not named as a defendant in either of Plaintiff's previous claims. As such, although the nature of his claim is similar to his past claims, the statute of limitations does not toll against Defendant Pramstaller. *Federal Kemper Insurance Company,* 377 N.W.2d at 38. Because the statute of limitations never tolled against Defendant Pramstaller, any claim against him related to Plaintiff's present injury was barred 3 years after the accrual date. Thus, any claim against Defendant Pramstaller was barred as of December 19, 2005.

The final named Defendant in the current action are unknown medical staff at Duane Waters Hospital he names as "Does." Plaintiff also had unidentified staff of Duane Waters Hospital in his second suit, filed July 14, 2005. Plaintiff accuses the Defendants in the current action of failing to monitor his hepatitis C treatment. This is the same claim he made against the "Does" defendants in the previous action, so it is fair to view these Does as the same. As with Defendant CMS, Plaintiff's claim accrued from December 19, 2002, until he filed suit against Defendant Does on July 14, 2005. Therefore, Plaintiff's claim against Defendant Does is barred by the statute of limitations because it was not filed by January 2, 2007.

Plaintiff argues a continuing violation to extend the accrual date of the statute of limitations. Because the accrual date is a federal question, whether there is a continuing violation to extend the accrual date depends on the federal standard of a continuing violation. In *Edison v. State of Tennessee Department of Children's Services*, 510 F. 3d 631, 635 (6th Cir. 2007)(citations omitted), the Sixth Circuit described the test for a continuing violation:

> "First, the defendant's wrongful conduct must continue after the precipitating event that began the pattern. . . . Second, the injury to the plaintiff must continue to accrue after that event. Finally, further injury to the plaintiff [] must have been avoidable if the defendants had at any time ceased their wrongful conduct."

Of greater significance, the Court in *Edison* noted that "passive inaction does not support a continuing violation theory." *Id.* at 635 (citations omitted). Plaintiff alleges that Defendants wrong constituted a continuing violation because they failed to reinstate treatment for his hepatitis C. This allegation does not satisfy the first prong of the continuing violation test because after Defendants failed to conduct follow-up labs for Plaintiff's hepatitis C treatment and Plaintiff was hospitalized he was removed from the hepatitis C treatment. As such, there could be no pattern of a failure to provide follow up labs. Additionally, Plaintiff's initial injuries of December 19, 2002, did not continue to accrue. Although it could be argued that Plaintiff's initial injuries grew worse after the initial wrong, "[a] continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." *Tolbert,* 172 F. 3d at 940 quoting *National Advertising Co. v. City of Raleigh,* 947 F. 2d 1158, 1156 (4th Cir. 1991). Therefore, although Plaintiff may continue to suffer from the effects of the initial wrong, this would not satisfy the second prong of the continuing violations test.

Finally, Plaintiff fails to satisfy the third prong of the continuing violations test because while further injury may have been avoidable if Defendants had reinstated Plaintiff's hepatitis C treatment, passive inaction will not satisfy this prong. *Tolbert,* 172 F. 3d at 940 ("Although construction of sound barriers would avoid further injury to Cherrywood residents, this is true of every case where the complaint involves the failure to provide a public amenity. Passive inaction, however, does not support a continuing violation theory.").

  (2) <u>Plaintiff Has Failed to Demonstrate Deliberate Indifference</u>

Even if, for the sake of argument, the failure to reinstate hepatitis C treatment for Plaintiff constituted a violation, it would not suffice as a claim of an Eighth Amendment violation. In the context of medical care, a prisoner's Eighth Amendment right to be free of cruel and unusual punishment is violated only when a prisoner can demonstrate that a "deliberate indifference" has been shown to his serious medical need. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). To demonstrate a "deliberate indifference" to his medical needs, a prisoner must show that the defendant's actions rise to the level of an "unnecessary and wanton infliction of pain." *Id.* at 104. Mere negligence in identifying or treating a medical need does not rise to the level of a valid mistreatment claim under the Eighth Amendment. *Id.* at 106. Additionally, a prisoner seeking to prevail on an Eighth Amendment claim under 42 U.S.C. § 1983 must also show that his medical need is "serious." *Wilson v. Seiter,* 501 U.S. 294, 297 (1991).

Moreover, the courts typically do not intervene in questions of medical judgment. *Youngberg v. Romeo,* 457 U.S. 307, 321 (1982). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are

generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law. *Westlake v. Lucas,* 537 F. 2d 857, 860 n. 5 (6th Cir. 1976). Complaints that a medical provider did not provide specific medications, treatment, or dosages, or even negligently failed to provide adequate medical care do not state a claim of deliberate indifference as to a prisoner's civil rights claims. *See Westlake v. Lucas,* 537 F. 2d 857, 860, n.5 (6th Cir. 1976); *Williams v. Mehra,* 186 F. 3d 685, 691 (6th Cir. 1991); *Williams v. Duckworth*, 598 F. Supp. 9, 13-25 (N.D. Ind. 1983), *aff'd without opinion*, 749 F. 2d 34 (7th Cir. 1984).

Plaintiff argues that Defendants' failure to reinstate hepatitis C treatment after his hospitalization constitutes deliberate indifference. Based on a review of Plaintiff's own Complaint and exhibits, there is an indication that Plaintiff's treatment was not reinstated because of his low platelet and white blood cell count levels. Indeed, Plaintiff filed several grievances to have his hepatitis C treatment reinstated and the responses indicated that two doctors were hesitant to restart his treatment because Plaintiff suffered adverse side effects and a third indicated that treatment should not be restarted until Plaintiff's platelet level had risen (Dkt. #1, Appendix #2, pg. 2). In additional grievance responses it was clearly indicated that Plaintiff was not a candidate for hepatitis C treatment because he had not responded well to the medication (Dkt. #1, Appendix #3, pg. 3). Although Plaintiff may not agree with the determination of the doctors, a difference in medical opinion alone does not establish a claim under 42 U.S.C. § 1983 against any of the Defendants.

### III. RECOMMENDATION

For the reasons stated above, it is **RECOMMENDED** that summary judgment be **GRANTED** for both Defendant Pramstaller, and Defendants CMS and Hutchinson. The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this report and recommendation. *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections. A party may file a reply brief within 5 days of service of a response. The reply shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.

Dated: July 25, 2008                   s/ Steven D. Pepe  
Ann Arbor, MI                         United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Report and Recommendation* was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 25, 2008.

                                                s/ Alissa Greer
                                                Case Manager to Magistrate
                                                Judge Steven D. Pepe
                                                (734) 741-2298